[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  12-11423
_____

D.C. Docket No. 1:10-cv-03231-CAP

MARY CRAIG,

Plaintiff-Appellant,

versus

METROPOLITAN LIFE
INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 14, 2013)

Before BARKETT, JORDAN, and RIPPLE,* Circuit Judges.

PER CURIAM:

---

* Honorable Kenneth F. Ripple, United States Circuit Judge for the Seventh Circuit, sitting by designation.

Following oral argument, and a careful review of the 1700-page administrative record, we affirm the district court's judgment in favor of MetLife in this ERISA case. The record contains some objective evidence, as well as several clinical findings, that Ms. Craig suffered from radiculopathy, a disorder for which long-term disability benefits would not be capped at 24 months. But, as the district court correctly noted, portions of the record also indicate that she did not have radiculopathy. For example, Dr. Orr—one of Ms. Craig's physicians—acknowledged that none of the EMGs, MRIs, or nerve conduction studies showed a radiculopathy. On this record, we cannot say that MetLife's decision was arbitrary or capricious, even taking into account the conflict of interest created by MetLife's dual role as administrator and insurer. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 114–17 (2008).

We do not address Ms. Craig's argument that the 24-month limit applies only if the disabling disorder is both "neuromusculoskeletal *and* soft tissue" in nature, *see* Appellant's Br. at 20–21, because that argument was not made below in the motion for judgment or in response to MetLife's motion for judgment. *See, e.g., In re Pan Am. World Airways, Inc.*, 905 F.2d 1457, 1461–62 (11th Cir. 1990) (issues or arguments not presented to the district court generally cannot be raised on appeal for the first time). We also do not address the assertion that Ms. Craig

suffers from myelopathy, one of the other exclusions/exceptions to the 24-month limit for long-term disability benefits. *See* Appellant's Br. at 25.  We agree with the district court that Ms. Craig did not present this claim to MetLife during the administrative process.  *See Blankenship v. Metro. Life Ins. Co.*, 644 F.3d 1350, 1354 (11th Cir. 2011) (per curiam) ("Review of the plan administrator's denial of benefits is limited to consideration of the material available to the administrator at the time it made its decision.").

    **AFFIRMED.**